**Charles A. DAMYN, # 044604,
Plaintiff–Appellant,**

v.

**David H. BRIERTON,
Defendant–Appellee.**

**No. 86–3770.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1987.

Julie Edelson, Clive Stafford Smith, Southern Prisoners Defense Committee, Atlanta, Ga., for plaintiff-appellant.

J. Craig Myrick, Asst. Atty. Gen., Walter M. Meginnis, Atty. Gen's. Office, Tallahassee, Fla., for defendant-appellee.

Before RONEY, Chief Judge, TJOFLAT, Circuit Judge, and CLEMON *, District Judge.

---

* Honorable U.W. Clemon, U.S. District Judge for the Northern District of Alabama, sitting by designation.

PER CURIAM:

This Section 1983 action for damages concerns library access given to plaintiff Charles A. Damyn, a Florida prisoner housed in a segregation unit. A jury trial resulted in a verdict for the defendant warden.

We affirm on the grounds that the case was fairly tried, the district court committed no reversible error at law, and the evidence was not such that a judgment for the plaintiff was required. The jury verdict is due to be affirmed without regard to the actual access of this plaintiff to the prison law library because the jury could have decided that he had shown insufficient need for access.

The decision here is not intended to support the argument that *Butler v. Wainwright*, 734 F.2d 1480 (11th Cir.1984), established any controlling precedent as to whether the State of Florida's regulations concerning library access for inmates in the general population or in administrative confinement fulfill the State's constitutional obligation under *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). The sufficiency of Florida's library access regulations did not have to be addressed in *Butler* because the panel noted that the plaintiff had fully utilized the prison law library. *Butler* thus has no precedential effect on the library access issue under another fact situation. Recognizing this, the panel chose not to publish its opinion. Defendant's reliance on *Butler* in this case is accordingly misplaced.

AFFIRMED.